# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE BRETHREN MUTUAL INSURANCE COMPANY, | : | No. 3:09cv1360 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| JAMES A ROVITO, SURVIVING ADMISTRATOR OF THE ESTATE OF DIANE C. ROVITO, DECEASED, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is plaintiff's complaint for a declaratory judgment in a dispute over insurance coverage (Doc. 1). For the reasons stated below, the court will decline to exercise its discretion to hear the case.

**Background**

This case arises out of an accident that occurred on September 14, 2003. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 5). On that date, the decedent, Diane C. Rovito, was at her parents' residence in Kulpmont, Pennsylvania. (Id.). A friend, Vincent Okronglis, backed into her. (Id.). Rovito's legs were pinned against the garage of the house. (Id.). Okronglis was operating a vehicle owned by the Burnrite Coal Company and/or Casey Trucking Company. (Id.). That vehicle was insured by the Rockwood Casualty Insurance Company. (Id.).

Plaintiff had coverage under two personal automobile policies of insurance. (Id. at ¶ 6). One policy was issued to her and one to her parents. (Id.). Both

policies were issued by the plaintiff, The Brethren Mutual Insurance Company ("The Brethren"). (Id.). The policies both contain endorsements for uninsured and underinsured motorist coverage that establish that coverage disputes are not to be solved by arbitration. (Id. at ¶ 7). Rockwood Casualty Insurance Company provided coverage for Burnrite Coal Company. (Id. at ¶ 8). Rockwood sent Okronglis a reservation of rights letter in November 2007. (Id.).

On or about September 1, 2005, Diane C. Rovito filed a writ of summons against Vincent Okronglis in the Court of Common Pleas of Northumberland County. (Id. At ¶ 9). Rockwood provided Okronglis with an attorney, who entered an appearance for Okronglis in that civil matter. (Id. at ¶ 10). Plaintiff avers that no complaint has ever been filed in that case, and no discovery undertaken. (Id. at ¶ 11). Plaintiff also insists that Rockwood issued Okronglis a "reservation of rights letter," in which the company agreed to provide Okronglis a defense pending a declaratory judgment action on Rockwood's responsibilities in the action. (Id. at ¶ 30). This letter, plaintiff claims, did not deny Okronglis coverage in any way and did not justify the uninsured motorist claim that defendant made to The Brethren. (Id.).

On or about September 21, 2005, Diane C. Rovito's counsel made a demand to the plaintiff, requesting coverage under her policy for the limits of her uninsured and underinsured motorist coverage. (Id. at ¶ 12). The Brethren responded by requesting information about the claim from Rovito's attorney. (Id. at ¶ 13). The company also assigned an adjuster to the claim, and this adjuster requested

2

additional information. (Id. at ¶ 14). Rovito's attorney was not forthcoming with this information, and the adjuster was forced to seek it from other sources, as well as write other letters to Rovito's counsel. (Id. at ¶¶ 15-18). Rovito passed away on January 4, 2006 without having provided a statement to the adjuster. (Id. at ¶¶ 19-20). Over the next two years, attorneys for the plaintiff and defendant attempted to work out a resolution of the insurance claim, including a request by defendant to arbitrate the dispute. (Id. at ¶ 21). Eventually, a casualty claims manager for Brethren wrote defendant's attorney, informing him that plaintiff had refused to provide information essential to the determination of the claim. (Id. at ¶ 22). This information included medical and accident reports. (Id.). The letter suggested that any underlying tort action should be resolved before the Brethren determined whether coverage–either underinsured or uninsured motorist–should apply. (Id.). The letter also insisted that arbitration of the claim was not available under the policy. (Id.). Plaintiff's counsel then wrote defense counsel on December 14, 2008, informing him that the company did not believe any uninsured motorist claim existed under the policy and would therefore refuse to appoint an arbitrator for an uninsured motorist hearing. (Id.).

On July 14, 2007, The Brethren filed the instant action in this court, styled as a "declaratory judgment complaint." The action seeks a declaration from this court that defendant has not established that an uninsured motorist claim exists, and that plaintiff has no obligation under the policy to participate in an arbitration hearing on

3

such a claim.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a Maryland corporation with its principal place of business in Maryland. Defendants are citizens of Pennsylvania. The amount in controversy exceeds $75,000.

**Discussion**

In most cases, because the court is sitting in diversity, the substantive law of Pennsylvania would apply. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). However, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). The instant case is before the court in the form of a declaratory judgment action, and Federal Courts have concluded that declaratory judgment actions are procedural rather than substantive. See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F.Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights . . . The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief."). As a result,

4

we here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the federal Declaratory Judgment Act, 28 U.S.C. § 2201. See Fischer & Porter, 869 F. Supp. at 326.

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). A court's decision to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." Id.

The court will decline jurisdiction over this declaratory judgment action. The

matter before this court is one of contract interpretation under Pennsylvania law. The court would be required to determine whether the letter from Rockwood to Okrunglis constituted a denial of coverage, and whether The Brethren has an obligation under the policy here in question to participate in arbitration. All of these are questions of state law, where the court would be required to predict how a state court would rule in the matter. No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case. Further, the complaint indicates that other litigation may be pending on the underlying matter. The parties' claims can be better addressed if such litigation appears. The court will therefore decline to exercise its jurisdiction to hear this case.

**Conclusion**

For the reasons stated above, the court will decline to exercise its jurisdiction to hear this declaratory judgment action. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THE BRETHREN MUTUAL INSURANCE COMPANY,** | : | No. 3:09cv1360 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| **JAMES A ROVITO, SURVIVING ADMISTRATOR OF THE ESTATE OF DIANE C. ROVITO, DECEASED,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 29th day of July 2009, it is hereby **ORDERED** that the instant complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is directed to **CLOSE** the case.

                                              **BY THE COURT:**

                                              **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**